UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

SHIZUKO TADEHARA,

               Plaintiff,

    -against-

MATRIX ABSENCE MANAGEMENT,

               Defendant.

---------------------------------------------------------- X

Case No. 1:25-cv-10453-RA

**DEFENDANT'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS**

Defendant Matrix Absence Management ("Matrix" or "Defendant"), by and through its undersigned attorneys and pursuant to Fed. R. Civ. 12(b)(1), respectfully submits this reply in support of its Motion to Dismiss.

## I.    INTRODUCTION

Plaintiff's Response does not address—let alone overcome—the dispositive jurisdictional defect in her Complaint. Plaintiff purports to bring a single claim under ERISA and relies solely on ERISA to claim federal jurisdiction, but the Salary Continuation Plan under which she seeks benefits is *not* an ERISA plan. It is a payroll practice excluded from ERISA coverage as a matter of law.

Plaintiff does not even argue that the Salary Continuation Plan fails to meet the Second Circuit's factors for determining whether an ERISA-exempt payroll practice exists. Rather, she argues ERISA applies because (i) Matrix's October 10, 2025 claim denial letter referenced ERISA; (ii) there were alleged deficiencies in the claim review process; and (iii) she will prevail on the merits. None of these arguments, even if true, would subject the Salary Continuation Plan to ERISA, and none of these arguments supplies federal jurisdiction. Because the Salary Continuation Plan is a payroll practice, Plaintiff cannot invoke ERISA, and her Complaint must be dismissed.

## II.    ARGUMENT

### A.    Plaintiff Does Not Refute That The Salary Continuation Plan Is A Payroll Practice.

Plaintiff does not dispute the dispositive facts establishing that the Salary Continuation Plan is a payroll practice, not an employee welfare benefit plan subject to ERISA. Her "failure to address [Matrix's arguments…] amounts to a concession or waiver of the argument." *Cole v. Blackwell Fuller Music Publish., LLC*, 16-cv-7014 (VSB), 2018 WL 4680989, *7 (S.D.N.Y., Sept. 28, 2018) (citing numerous cases for proposition that silence in opposition is concession). In any event, Plaintiff cannot dispute the underlying facts:[1]

- MUFG Bank, Ltd. ("MUFG") pays the salary continuation payments under the Salary Continuation Plan out of its general operating assets (ECF Nos. 31-2, ¶ 6; 36, ¶ 6.) It does not maintain a separate account, fund or trust for the payment of benefits under the Salary Continuation Plan. (*Id*.)

- The salary continuation payments under the Salary Continuation Plan are provided to employees who are unable to work for short periods of time due to "physical or mental conditions." (ECF Nos. 31-2, ¶ 8; 36, ¶ 8; 36-1 at MUFG 106150-000016-000010.)

- The salary continuation payments under the Salary Continuation Plan are a continuation of the employees' "regular wages or base salary." (ECF Nos. 31-1 at 5; 36-1 at MUFG 106150-000016-000010.)

- There are no indications that the salary continuation payments under the Salary Continuation Plan constitute an untraditional practice (ECF Nos. 31-1 at 5); and

- There are no "additional conditions or contingencies of any kind." (ECF Nos. 31-1 at 5.)

*See Shea v. Wells Fargo Armored Serv. Corp.,* 810 F.2d 372, 376 (2d Cir. 1987) (enumerating factors for deciding when disability benefit programs "fall within the 'payroll practices'

---

[1] Plaintiff points out that Matrix inadvertently failed to include the Salary Continuation Plan with the declaration of Heather Oliver-Brooks when it filed its Motion to Dismiss and argues that "[t]his omission leaves Defendant's motion without the evidentiary foundation required to support its assertions." (ECF No. 34 at 3.) This argument is disingenuous as the declaration, not the Salary Continuation Plan document, primarily provided the "evidentiary foundation" of Matrix's argument, none of which Plaintiff refuted, or even acknowledged. Further, Matrix provided Plaintiff with a copy of the Salary Continuation Plan on March 26, 2026, over a month before it filed its Motion to Dismiss, and Plaintiff could have notified Matrix or the Court of the issue before she filed her opposition.

326300866v.1

provisions"). Thus, under well-settled law, the Salary Continuation Plan is a payroll practice exempt from ERISA, and Plaintiff's claims do not arise under ERISA. *See Owo v. Life Ins. Co. of N. Am.*, 19 Civ. 3016 (GBD), 2019 WL 6790786, *3 (S.D.N.Y. Dec. 12, 2019) (dismissing plaintiff's ERISA claims because the wage replacement policy at issue was a payroll practice not covered by ERISA); *Roberts v. N.Y. Times*, No. 10 Civ. 1046(DLC), 2011 WL 207976, *4 (S.D.N.Y. Jan. 24, 2011) (finding plan that paid employees' full rate of pay while on medical leave from employer's general assets an exempt payroll practice; because the disability plan was not subject to ERISA, there was no federal subject matter jurisdiction); *Roberts v. AIG Global Inv. Corp.*, No. 06 Civ. 6966(GEL), 2008 WL 4444004, at *7 (S.D.N.Y. Sept. 30, 2008) (finding plaintiff failed to show employer's short-term disability ("STD") Program was an employee welfare benefit plan as defined by ERISA, instead of a non-covered payroll practice, where STD benefits were paid out of employer's general operating assets or administered without additional conditions); *Tambash*, 2004 WL 2191566 at *6 (finding plaintiff failed to meet her burden in showing the STD program was an ERISA plan, and not a payroll practice). Because the Court does not have federal question jurisdiction and because Plaintiff has not alleged any basis for jurisdiction besides invoking ERISA, the Court must dismiss her Complaint under Fed. R. Civ. Pro. 12(b)(1).

**B.    Plaintiff's Arguments Do Not Establish Federal Jurisdiction.**

**1.    References to ERISA in a denial letter do not subject a plan to ERISA.**

Plaintiff argues that ERISA governs here because Matrix's final October 10, 2025 denial letter stated that the claim "is subject to [ERISA]" and advised Plaintiff of her right to sue under

326300866v.1

ERISA § 502(a).[2] (ECF No. 34 at 1.) This argument fails, however, because ERISA coverage is determined by the existence of an ERISA plan, not by statements in claim correspondence.

ERISA does not apply to every benefit provided by an employer. Rather, ERISA coverage turns entirely on whether an ERISA "plan" actually exists, which is determined by the structure, administration, and substance of the arrangement—not by labels, characterizations, or statements made by employers. *See Schonholz v. Long Island Jewish Med. Ctr.*, 87 F.3d 72, 75-76 (2d Cir. 1998) (ERISA applies only to employer undertakings or obligations requiring creation of ongoing administrative programs; rejecting employer's argument that severance plan was not ERISA plan); *Grimo v. Blue Cross/Blue Shield of Vermont,* 34 F.3d 148, 149 (2d Cir. 1994) (existence of ERISA plan turns on the structure and funding of the program under which the benefit was offered; examining employer's involvement in establishing and maintaining benefit program, not how employer described or viewed the plan). Thus, a mistaken reference to ERISA in correspondence does not bring the Salary Continuation Plan within the scope of ERISA.

Further, to the extent Plaintiff argues that Matrix should not now be allowed to argue that ERISA does not apply because it is "inconsistently altering its stated position" in the denial letter (ECF No. 34 at 3), the argument fails. "It is well established. . .  that 'no action of the parties can confer subject-matter jurisdiction upon a federal court,' meaning that 'the consent of the parties is irrelevant' and 'principles of estoppel do not apply.'" *In re: General Motors LC Ignition Switch Litigation*, 477 F. Supp. 3d 170 (S.D.N.Y. 2020) (citations omitted). Thus, the reference to ERISA does not create federal jurisdiction.

---

[2] While the October 10, 2025 letter upholding the denial of further benefits under the Salary Continuation Plan on Plaintiff's appeal mistakenly included ERISA language, the original June 3, 2025 letter denying future benefits did not. (ECF No. 1, Ex. 20.)

**2.    Plaintiff's arguments regarding alleged claim handling errors and the alleged merits of her claim have no bearing on whether this Court has jurisdiction.[3]**

Plaintiff devotes the majority of her Opposition to arguing that Matrix failed to conduct a full and fair review of her claim, issued its decision late, and forced her to return to work when it denied her claim. (*See* ECF No. 34 *generally.*) But these arguments have absolutely no bearing on whether ERISA applies to the Salary Continuation Plan or whether the Court has jurisdiction to decide her claim in the first place. The Court must first decide it has jurisdiction before it can decide the merits of Plaintiff's claim. Plaintiff has not proffered any evidence that ERISA applies to the Salary Continuation Plan or that the Court otherwise has jurisdiction.

## III.    CONCLUSION

Plaintiff's opposition is premised on the incorrect notion that ERISA coverage can be created either through language in a denial letter or actions taken in the review of a claim. But settled law holds that whether ERISA applies depends entirely on the underlying plan.  Here, Plaintiff has offered no evidence that ERISA applies to the Salary Continuation Plan or that the Court otherwise has jurisdiction.

For these reasons, and those set forth in Matrix's opening brief, the Court should grant Matrix's Motion to Dismiss.

---

[3] Plaintiff argues in her Response that Matrix is the proper defendant because it stated its position "to provide determination and administration of claims for the [Salary Continuation Plan.]" (ECF 34 at 1.) But who is the proper defendant is not at issue in Matrix's Motion to Dismiss, which argues only that the Court lacks jurisdiction because the Salary Continuation Plan is not governed by ERISA and because Plaintiff did not, and cannot, invoke diversity jurisdiction. In any event, under the terms of the agreement between MUFG and Matrix, MUFG is the entity responsible for the payment of any benefits under the Salary Continuation Plan and the party responsible for defending claims for benefits under the Salary Continuation Plan stemming from Matrix's administration of claims under the plan.

326300866v.1

Dated:  June 2, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Shelley R. Hebert*

    Ian H. Morrison (pro hac vice)
    imorrison@seyfarth.com
    Shelley R. Hebert (pro hac vice)
    shebert@seyfarth.com
    233 S. Wacker Drive, Suite 8000
    Chicago, IL 60606
    Telephone: (312) 460-5000
    Facsimile: (312) 460-7000

    Michelle Shamouilian
    mshamouilian@seyfarth.com
    620 Eighth Avenue
    New York, New York 10018
    Telephone: (212) 218-5500
    Facsimile: (212) 218-5526

*Counsel for Defendant*

326300866v.1

**LOCAL CIVIL RULE 7.1(c) WORD COUNT CERTIFICATION**

Pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I certify that Defendant's Reply in Support of its Motion to Dismiss complies with word-count limitations. Defendant's Reply contains 1,568 words, not including the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates. This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document

/s/ Shelley R. Hebert
Shelley R. Hebert

7

326300866v.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 2, 2026, I presented the foregoing Defendant's Reply in support of its Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Shizuko Tadehara
> 48-01 42nd Street
> Sunnyside, NY 11104
> shiztad@gmail.com
> *Pro Se Plaintiff*

> */s/Shelley R. Hebert*
> Shelley R. Hebert
> *Counsel for Defendant*

8

326300866v.1